■ FLORENCE KOBIN, Respondent-Appellant, v. HENRY V. KOBIN, Appellant-Respondent.— Judgment, granting plaintiff a separation and awarding her alimony of $2,250 per month, unanimously modified to limit the provision requiring her to turn over to defendant all of the furniture, furnishings and equipment in the home, to property belonging to defendant and, as so modified, affirmed, without costs. This action was commenced by an order of sequestration encompassing all the property of defendant "both real and personal — within the State of New York." That order further provided that plaintiff be allowed to use and occupy the family home "together with the furniture and furnishings therein" (see Civ. Prac. Act, § 1171-a). In her affidavit in support of the application for that order, plaintiff averred that "The aforesaid property including the house and contents is owned by my husband". On this appeal, for the first time, plaintiff asserts that she is the owner or co-owner of some of the furniture, furnishings and equipment. No claim of title having been made before the Special Referee, his determination was necessarily directed solely to the issue of possession and use of the furniture, furnishings and equipment with which plaintiff had been invested pursuant to the order of sequestration. The modification of the judgment is to make clear, in the face of plaintiff's belated assertion of her interest in some of the property, that no determination as to the title to the furniture, furnishings and equipment was made in this action. (Cf. Plohn v. Plohn, 1 A D 2d 824.) Settle order on notice. Concur — Peck, P. J., Breitel, Botein, Rabin and Cox, JJ.

■ FLORENCE KOBIN, Appellant, v. HENRY V. KOBIN, Respondent.— Plaintiff wife appeals from an order adjudging her guilty of contempt of court for willfully violating and disobeying a judgment entered in her action for separation, and directing a reference as to the value of the furniture, furnishings and equipment she removed from the marital home. The order should

be modified to fine the plaintiff $250 and to eliminate the reference, and otherwise affirmed, with costs. The turnover provision of the judgment in the separation action was well within the jurisdiction of the court, if only to terminate the possession of the furniture vested in the plaintiff by the order of sequestration she procured (Civ. Prac. Act, § 1171-a). The failure of plaintiff during the 10 days, between the decision of the Special Referee and the entry of the judgment, to raise her claim of title to the furniture is compelling evidence of her deliberate contempt. Her claim of judicial error is, of course, no excuse for her refusal to obey the judgment. (See *Ketchum* v. *Edwards*, 153 N. Y. 534, 538–539.) Since title to the furniture, furnishings and equipment will have to be resolved in an appropriate action at law or equity (*Plohn* v. *Plohn*, 1 A D 2d 824), there is no need for a reference and, instead, a fine of $250 should be imposed upon the plaintiff. For the guidance of the parties, and with respect to possible future proceedings based upon the modified judgment, it should be noted that compliance with the mandate of the judgment, as modified in the companion appeal, cannot be evaded by the bare unsupported claim of title to the furniture, furnishings and equipment, especially in view of the sworn allegation of the plaintiff that the home and contents were " owned by my husband". Order unanimously modified so as to eliminate the fourth and sixth decretal paragraphs and to fine the plaintiff $250 and, as so modified, affirmed, with $20 costs and disbursements to the appellant. Settle order on notice. Concur — Peck, P. J., Breitel, Botein, Rabin and Cox, JJ. [See *post*, p. 969.]